UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE TOUSSAINT,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>NEW YORK DIALYSIS SERVICES, INC.,<br><br>　　　　　　Defendant. | CIVIL ACTION NO.<br>14-CV-5069 (KMK) |

**ANSWER TO COMPLAINT**

Defendant New York Dialysis Services, Inc., ("NY Dialysis"), by and through its attorney, Duane Morris LLP, answers the Complaint dated July 7, 2014, as follows:

**PARTIES**

1.　　NY Dialysis denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 1.

2.　　NY Dialysis admits that Plaintiff is a black male, and otherwise denies knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 2 of the Complaint.

3.　　Paragraph 3 of the Complaint asserts legal conclusions to which no response is required. To the extent any response is required, NY Dialysis denies the allegations in Paragraph 3 of the Complaint, except admits that it operates from 220 Crystal Run Road, Middletown, New York.

**JURISDICTION**

4.　　Paragraph 4 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, NY Dialysis admits that it conducts business within the judicial district.

DM2\5208208.1

**FACTUAL ALLEGATIONS**

5. NY Dialysis admits Plaintiff worked as a full time housekeeper at its Middletown, New York, dialysis center, doing maintenance, cleaning, and other related duties, except denies that it employed Plaintiff for more than twenty years.

6. NY Dialysis denies the allegations in Paragraph 6 of the Complaint.

7. NY Dialysis admits the allegations in Paragraph 7 of the Complaint, except denies that the alleged activity took place between 11:30 pm and midnight.

8. NY Dialysis denies the allegations in Paragraph 8 of the Complaint, except admits that one of the employees was a female technician.

9. NY Dialysis denies the allegations in Paragraph 9 of the Complaint.

10. NY Dialysis denies knowledge or information sufficient to form a belief regarding Plaintiff's mindset, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. NY Dialysis denies the allegations in Paragraph 11 of the Complaint.

12. NY Dialysis denies the allegations in Paragraph 12 of the Complaint.

13. NY Dialysis denies the allegations in Paragraph 13 of the Complaint, except admits that Plaintiff and the technician were yelling in close proximity to one another.

14. NY Dialysis admits it terminated plaintiff's employment based upon plaintiff's violation of its workplace violence policy, and denies that its termination decision was based on a mere "allegation."

15. NY Dialysis denies the allegations in Paragraph 15 of the Complaint.

16. NY Dialysis denies the allegations in Paragraph 16 of the Complaint.

17. NY Dialysis denies the allegations in Paragraph 17 of the Complaint.

18. NY Dialysis denies the allegations in Paragraph 18 of the Complaint.

19. NY Dialysis denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 19.

## CAUSES OF ACTION

20. NY Dialysis repeats and realleges all of its prior responses to the allegations in Paragraphs 1 through 19 of the Complaint as if fully asserted herein.

21. NY Dialysis denies the allegations in Paragraph 21 of the Complaint.

22. NY Dialysis denies the allegations in Paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

NY Dialysis denies that Plaintiff is entitled to any damages or relief sought in his Prayer for Relief, including but not limited to any damages, injunctive relief, remedies, fees, or costs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a prima facie case of discrimination under either 42 U.S.C. section 1981, or Executive Law section 296.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to set forth any basis upon which compensatory or punitive damages or equitable relief could be awarded.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NY Dialysis is entitled to a set off for all amounts Plaintiff earned or could have earned in mitigation of his claimed damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to use reasonable efforts to mitigate his damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The employment actions taken by NY Dialysis with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

NY Dialysis reserves the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

**WHEREFORE**, NY Dialysis demands judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Duane Morris LLP

By: /s/ Eve I. Klein
    Eve I. Klein
    1540 Broadway
    New York, NY 10036-4086
    Telephone: +1 212 692 1000
    Fax: +1 212 692 1020

    Attorneys for Defendant

Dated: November 3, 2014